LAND, J.
In January, 1914, the defendant was ruled to show cause why he, as a clerk for the Standard Oil Company of Louisiana, should not be condemned to pay licenses, with interest and penalties, for the business of peddling oil, from a two-horse vehicle, during the years 1910,1911, 1912, and *17 1913; the same aggregating the sum of $1,-482.48.
Defendant for answer denied that he was engaged in the business of peddling oil, as alleged in the petition for rule, and averred that, even if he was held to be a clerk of a peddler of oil, he is exempt from license taxation, under article 229 of the state Constitution of 1898 and 1913; and that section 12 of Act 171 of 1898, to the contrary, 'violates said article and is therefore null and void.
Defendant further averred that the Standard Oil Company has a supply depot in the town of Raceland, from which it sells and delivers oil and by-products to merchants and consumers; that said company has regularly paid licenses as a retail merchant to the parish of Tangipahoa and the state of Louisiana; that said company is not a peddler; that no oil is sold from the wagon operated by the defendant, and no oil is delivered to consumers by said wagon, except upon orders previously given to said supply depot of the company.
Defendant further averred that, in any event, his maximum license, under the statute, would be $75, and pleaded the prescription of three years against the license tax of 1910. There was judgment for the defendant, and the plaintiff has appealed.
The defendant is an employs of the Standard Oil Company. He owns two horses and a wagon, which he used in delivering oil and other products to the consumers of said company.
There are two classes of customers:
First. Individual consumers, to whom oil is delivered on previous orders.
Second. Merchants whose oil tanks are filled from time to time, pursuant to a common understanding.
Defendant never drove his wagon from house to house offering oil for sale to the general public.
It is admitted that the Standard Oil Company has paid all license taxes assessed against that corporation for the years 1910, 1911, 1912, and 1913, as a retail merchant doing business in the parish of Tangipahoa.
This proceeding is against the defendant, individually, as a clerk peddling oil for the Standard Oil Company, and was brought under a certain paragraph of Act No. 295 of 1908, p. 438, reading as follows:
“And provided further, that no person shall be allowed to sell goods as the clerk or clerks of a peddler or hawker, but that he or they must pay a license in his or their own name, but that this proviso shall not apply to water craft.”
The same provision appears in Act 171 of 1898, p. 412.
Under article 229 'of the Constitutions of' 1898 and 1913, “clerks, laborers, clergymen,” etc., are exempt from license taxation. The defendant is alleged to have pursued the calling of a “clerk,” and license taxes are claimed from and have been assessed against him as such, and the tax collector is proceeding, to collect such taxes, with interest and costs, by the seizure and sale of the individual property of the defendant, and by enjoining him from pursuing his calling as clerk. It is too plain for argument that the provision cited supra, imposing a license tax on the occupation of clerk of a peddler, is a glaring violation of the constitutional exemption of all clerks from license taxation.
It is unnecessary to decide other issues-raised by the pleadings.
Judgment affirmed.